IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY CONTRERAS, § | |
| § | |
| Movant, § | |
| § | No. 3:20-cv-00392-N-BT |
| v. § | No. 3:16-cr-00130-N-9 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Tony Contreras, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Contreras's § 2255 motion.

## Background

Contreras pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 846. The District Court sentenced him to 97 months' imprisonment. Contreras appealed to the Fifth Circuit Court of Appeals. His appellate attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit agreed with his appellate counsel that Contreras's appeal

1

presented no nonfrivolous issues for appellate review and dismissed his appeal. *See United States v. Contreras*, 787 F. App'x 253 (5th Cir. 2019).

Contreras then filed his § 2255 motion and memorandum in support, in which he argues that his appointed trial attorney, Katherine Reed, provided ineffective assistance of counsel when she failed to bring Amendment 794 of the United States Sentencing Guidelines (U.S.S.G.) to the District Court's attention. Contreras further argues that, if Reed had done so, there is a "reasonable probability" the District Court would have granted an adjustment "of some sort." Mem. 4 (CV ECF No. 2).[1] Contreras concludes that Reed's deficient performance caused him to receive a greater sentence than he otherwise would have. The Government responds that Contreras's ineffective assistance of counsel claim is meritless, and the Court should deny his § 2255 motion and related request for an evidentiary hearing. Contreras filed a reply, and his § 2255 motion is now ripe for determination.

**Legal Standards and Analysis**

  A. <u>Contreras failed to demonstrate his trial attorney provided ineffective assistance of counsel</u>.

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:20-cv-00392-N-BT, and "CR ECF" refers to the underlying criminal action, case number 3:16-cr-00130-N-9.

2

In his sole claim, Contreras argues that his trial attorney, Reed, provided ineffective assistance of counsel when she failed to move for a lower sentence based on his alleged minor role in the conspiracy under U.S.S.G. § 3B1.2 and Amendment 794. Mot. 5 (CV ECF No. 1); Mem. 3-5 (CV ECF No. 2). Contreras further argues that his role in the charged drug conspiracy was "merely low-level [and] below that of an average participant." Mem. 5 (CV ECF No. 2). He contends that Reed's failure to move for a lower sentence under § 3B1.2 and Amendment 794 caused him to receive a greater sentence. *Id*. 4. Contreras further contends that if Reed had requested the role adjustment, there is a "reasonable probability" the District Court would have granted him an adjustment of "some sort." *Id.* Contreras concludes that his conviction should be vacated and remanded, and he should be resentenced with the benefit of a two-level downward adjustment. *Id*. 6.

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland,* 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that

3

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A defendant is entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2 when he shows by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity, and (2) he was substantially less culpable than the average participant. *United States v. Palacios-Villalon*, 802 F. App'x 868, 869 (5th Cir. 2020) (per curiam) (citing *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted)); *see also Arellano-Galeana v. United States*, 2020 WL 5819362, at *3 (N.D. Tex. Sept. 30, 2020). A court's determination regarding whether a minor-participant reduction is appropriate is based "on the totality of the circumstances." *United States v. Kearby*, 943 F.3d 969, 977 (5th Cir. 2019) (citing U.S.S.G. § 3B1.2 cmt. n.3(C)). The decision whether to apply a

4

mitigating-role reduction is a factual finding that is reviewed for clear error. *Palacios-Villalon*, 802 F. App'x at 869 (citing *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted)).

Initially, the Court will address Contreras's argument that Reed provided deficient performance by failing to specifically refer to "Amendment 794's new provision." Mem. 4 (CR ECF No. 2). Amendment 794 became effective on November 1, 2015, and it did not alter the text of U.S.S.G. § 3B1.2. *United States v. Cruz*, 817 F. App'x 10 (5th Cir. 2020) (per curiam). Rather, it clarified that a court should compare the defendant's role to that of other participants in the same criminal activity. *Gomez-Valle*, 828 F.3d at 329. Amendment 794 revised the commentary by adding a nonexhaustive list of factors to be considered when determining whether a defendant is entitled to a minor or minimal role offense level reduction, but it left the text of § 3B1.2 unchanged. *Cruz*, 817 F. App'x at 10 (citing *Gomez-Valle*, 828 F.3d at 328-29 & n.17). Because Amendment 794 did not make any substantive changes to the text of § 3B1.2, Contreras's argument is of no legal consequence.

Contreras's argument that Reed provided ineffective assistance of counsel at sentencing when she failed to raise Amendment 794 similarly lacks merit for at least two reasons.

First, Contreras's argument is belied by the record. Reed *did* move for a lower sentence based on Contreras's purported minor role in the conspiracy. The PSR stated:

> The defendant, **Tony Contreras**, was identified by investigators as SC-6's cousin and a methamphetamine courier/distributor for SC-6. It is believed by agents that **Contreras** was a mid-level or average participant within the conspiracy.

(PSR ¶ 19; *see also* PSR ¶ 856) (adopting that portion of the PSR). Reed initially objected to the PSR on the basis that it "fail[ed] to include any point reduction for a mitigating role adjustment for Contreras under USSG 3B1.2." (CR ECF No. 820 at 5.) But later, Reed withdrew the objection to pursue a safety-valve reduction under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, (CR ECF No. 832 at 2)—to which the Government eventually agreed. (CR ECF No. 880 at 3.)

An attorney's decision to withdraw an objection at sentencing is tactical and therefore must be presumed to be reasonable. *United States v. Henry*, 336 F. Appx. 309, 310 (4th Cir. 2009) ("Counsel's decision to withdraw the objection[ ] to the enhancement[ ] was tactical, and thus is entitled to a strong presumption of reasonableness.") (citing *Strickland*, 466 U.S. at 689)); *see also Maines v. United States*, 2015 WL 13735749, at *18 (N.D. Tex. June 2, 2015), *rec. adopted in part*, 2016 WL 520278 (N.D. Tex. Feb. 9, 2016). And, under the facts of this case, Contreras has failed to demonstrate that Reed's decision to forego the mitigating-role objection and

6

pursue a safety-valve reduction was not sound sentencing strategy. *See Strickland*, 466 U.S. at 689 (A movant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'") (citation omitted); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]") (quoting *Strickland*, 466 U.S. at 689); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.") (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

Although Reed ultimately withdrew her mitigating-role objection to the PSR, she raised the issue of Contreras's alleged minor role in the offense at sentencing. Reed filed a sentencing memorandum in which she specifically referenced U.S.S.G. § 3B1.2 and argued that Contreras "played a limited role" in the offense. (CR ECF No. 679 at 2-3.) Then, at the sentencing hearing, the District Court stated that it had reviewed Contreras's sentencing memorandum and motion for a downward departure. (CR ECF No. 880 at 2.) Reed argued that a downward variance was appropriate because Contreras had a limited role in the offense. *Id.* at 7. In support, Reed explained "there were not any seizures from Mr. Contreras." *Id.* She further

7

stated that "it [is] very clear the 30 offense that's [what] we're looking at is excessive." *Id.* at 6. "No allegation of violence, weapons, or anything of the sort. None of the drugs tested in this case that were being used as the starting point for the ice had to do with [Contreras]." *Id.* at 7.

Ultimately, the District Court decided not to vary downward, but Contreras was sentenced to 97 months imprisonment, which fell at the bottom of his guideline range. (CR ECF No. 856) (noting his guideline range was 97 to 121 months' imprisonment). Contreras's argument that Reed did not address his mitigating role at sentencing is therefore belied by the record. *See Yetter v. United States*, 2018 WL 3747920, at *1 (N.D. Tex. July 10, 2018) (finding the movant's argument was based on a "faulty premise" because "[c]ontrary to Yetter's claims, counsel did, in fact, object to the two-level enhancement under Section 2G2.2(b)(3)(F)"). Moreover, the fact that Reed was not successful with her argument does not entitle Contreras to habeas relief. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas relief."); *see Thomas v. United States*, 2021 WL 2690094, at *4 (N.D. Tex. June 1, 2021) (quoting *Youngblood*, 696 F.2d at 410), *rec. adopted*, 2021 WL 2685389 (N.D. Tex. June 30, 2021); *see also Anokam v. United States*, 2017 WL 655658, at *7 (S.D. Tex. Feb. May 4, 2016) (citing *Youngblood*, 696 F.2d at 410).

8

Second, Contreras was not entitled to a mitigating-role reduction at sentencing. He cannot show that Reed was ineffective because he played more than a "minor role" in the drug conspiracy. As set forth in his Factual Resume, Contreras admitted that on February 6, 2016, he placed an order for 2 kilograms of cocaine and 1 kilogram of methamphetamine from a codefendant, sealed Codefendant 6 (SC-6), the leader of the drug conspiracy. (CR ECF No. 441 at 2; *see also* PSR ¶ 24.) That same day, Contreras conspired with SC-6 and others, including Barriga-Avalos, to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (CR ECF No. 441 at 2; *see also* PSR ¶ 24.)

"An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994)); *see also United States v. Israel*, 838 F. App'x 856, 868 (5th Cir. 2020) (citing *Kimler*, 167 F.3d at 893). As discussed, a defendant is only entitled to a mitigating-role reduction when he demonstrates by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity, and (2) he was substantially less culpable than the average participant. *Castro*, 843 F.3d at 613; *see also Palacios-Villalon*, 802 F. App'x at 869. Contreras fails under both prongs.

9

With respect to the first prong, Contreras has failed to make a showing regarding the culpability of the average participant. Instead, he compares himself to SC-6 and Barriga-Avalos, and he suggests they represent the average participant. Mem. 4 (CV ECF No. 2). But this suggestion is not supported by the record. Instead, the record demonstrates that there were more than a dozen participants in the drug conspiracy, and SC-6 and Barriga-Avalos were more than just "average" participants. (PSR ¶¶ 19-22; CR ECF No. 826.) SC-6, Contreras's cousin, was the "leader" of the drug conspiracy. (CR ECF No. 826 at 2.) Contreras, a courier/distributor in the conspiracy, took orders directly from SC-6. (PSR ¶ 19.) Barriga-Avalos, SC-6's brother (PSR ¶ 20), also was not an average participant in the conspiracy. He delivered methamphetamine to Contreras on three occasions, and he was present when SC-6 provided Contreras with 1 kilogram of methamphetamine. (PSR ¶ 22.)

Under the second prong, Contreras has not demonstrated he was *substantially* less culpable than the average participant. Rather, the PSR states, "It is believed by agents that **Contreras** was a mid-level or *average* participant within the conspiracy." (PSR ¶ 19 (emphasis added); *see also* CR ECF No. 856) (At sentencing, the District Court adopted that portion of the PSR.). Contreras has not shown that he was substantially less culpable than other participants in the conspiracy.

The Fifth Circuit Court of Appeals has repeatedly held that it is improper for a court to award a mitigating-role reduction where the defendant just did less than the other participants. Instead, the defendant must do *significantly* less so that, at most, he serves to peripherally advance the illegal activity. *See United States v. Resendez-Gomez,* 2022 WL 1001438, at *1 (5th Cir. Apr. 4, 2022) (per curiam) ("A mitigating role adjustment is warranted only if the defendant "was peripheral to the advancement of the illicit activity.'") *(quoting Castro,* 843 F.3d at 613-14) (internal quotation marks and citation omitted)); *see also United States v. Cazares-Alvarado,* 101 F. App'x 971, 971 (5th Cir. 2004) (per curiam) (finding the defendant's role was not "peripheral to the advancement of the illicit activity" and the court did not err in determining he was not entitled to a mitigating role reduction) (citing *United States v. Zuniga,* 18 F.3d 1254, 1261 (5th Cir. 1994); *United States v. Thomas,* 932 F.2d 1085, 1092 (5th Cir. 1991)).

Contreras has not shown he played a peripheral role in the drug conspiracy. Over the course of the conspiracy, he received a total of 8 kilograms of methamphetamine directly from the leader of the drug conspiracy, SC-6. (CR ECF No. 826 at 2.) Contreras's role in the drug conspiracy was not "peripheral to the advancement of the illicit activity." *Castro,* 843 F.3d at 613-14; *Resendez-Gomez,* 2022 WL 1001438, at *1. Consequently, Contreras has not demonstrated that he was entitled to a

11

mitigating-role reduction, and for the same reason, he cannot show a reasonable probability that he would have received the reduction even if Reed requested it (which she did). *See United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)).

B. The Court should deny Contreras's request for an evidentiary hearing.

Last, Contreras requests an evidentiary hearing. Mem. 6 (CV ECF No. 2). In the context of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v.*

12

*Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

As discussed, Contreras's sole § 2255 claim fails. Because the motion, files, and records of the case conclusively demonstrate that he is not entitled to relief, a hearing is not warranted. *See* 28 U.S.C. § 2255(b); *see also Hughes*, 635 F.2d at 451. Therefore, Contreras's request for an evidentiary hearing is denied.

## Recommendation

The District Court should DENY Contreras's § 2255 motion to vacate, set-aside, or correct sentence.

Signed September 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).